[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties' marriage was dissolved on August 26, 1994. By agreement of the parties, the issues involving financial matters were reserved for a future hearing. The hearing was held on November 22, 1994.
The court has considered the criteria set forth in Connecticut General Statutes, Sections 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter:
(1) There are four children of the parties. Two are minors and currently reside with the plaintiff. Two have reached their majority and reside with the defendant. However, their son, Gerald, Jr., age 18, still attends high school and plans to graduate in June, 1995.
Therefore, the defendant must contribute child support for two children and the plaintiff must contribute child support for Gerald, Jr., until he reaches 19 or graduates from high school, whichever first occurs.
Under the Connecticut Child Support Guidelines, based on a net income of $600 per week for the defendant and $219 per week for the plaintiff, the defendant shall pay $213 per week, child support for the two minor children. This amount shall be reduced by the sum of $54 per week, which is the plaintiff's contribution towards the support of their son, Gerald, Jr. The net obligation of the defendant is $159 per week. The payments shall commence on December 5, 1994. The pendente lite order of $150 per week shall continue until December 5, 1994.
(2) The defendant shall pay to the plaintiff as periodic alimony, the sum of $100 per week. The payments shall commence on December 5, 1994 and weekly thereafter, in advance, until the death of either party, the plaintiff's remarriage or ten years from the date of the first payment, whichever event first occurs.
A contingent wage withholding order may enter for the alimony and child support orders. CT Page 11751
(3) The defendant shall be responsible for the medical expenses of the minor children.
(4) The defendant, at his expense, shall put the 1984 Chevrolet station wagon in operable condition and transfer title to the vehicle to the plaintiff.
(5) The defendant shall be liable for the payment of the liabilities on his financial affidavit.
Judgment may enter accordingly.
NOVACK, J.